HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN VOLKMANN,

        Plaintiff,

   v.

ST. MARTIN DE PORRES SHELTER, and CATHOLIC COMMUNITY SERVICES OF WESTERN WASHINGTON,

        Defendants.

Case No. C18-1200-RAJ

ORDER

This matter comes before the Court on *pro se* Plaintiff Kevin Volkmann's Emergency Motion for Temporary Restraining Order ("TRO"). Dkt. # 7. For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).[1] To obtain a TRO, Plaintiff must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

Having reviewed the motion, the complaint, and the applicable law, the Court

---

[1] The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 (1977).

ORDER – 1

concludes that Plaintiff has not carried his burden to establish these elements. As best as this Court can tell, Plaintiff alleges that Defendants are retaliating against him for reporting "substandard living conditions" at Defendants' shelter. Dkt. # 6. Plaintiff claims that Defendants are destroying evidence of a "criminal juvenile prostitution racket in Magnuson Park," and that they are using "criminal gangs" to "harass and injure" him. *Id*. Plaintiff claims that Defendants' shelter "fails to meet minimum standards for even emergency housing, and it stands out as dangerous, overcrowded, non-remedial, gang-ridden, and chaotic facility." *Id*.

Plaintiff's allegations are conclusory and his Motion provides no basis on which relief could be granted by this Court. Dkt. # 7. Plaintiff requests a "prospective" order compelling defendants to "continue providing him the medically necessary services of a complete bed and accompanying shelter services," but fails to show any imminent danger of his losing these services. *Id*. Although Plaintiff vaguely claims a danger of an "attempt at extralegal, wrongful denial of ordinary civil rights," he presents no evidence that he is currently being asked to leave this shelter or is currently being denied medically necessary services. *Id*. at 2. Plaintiff fails to provide any basis for relief under federal law.

Even with the additional deference allowed for *pro se* litigants, Plaintiff has not established a likelihood of success on the merits, irreparable harm in the absence of a TRO, that the balance of equities tips in his favor, or that an injunction is in the public interest. Accordingly, the Court **DENIES** Plaintiff's Motion for TRO. Dkt. # 7.

DATED this 16th day of August, 2018.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 2