UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN VOLKMANN,[1]

    Plaintiff,

    v.

SOLID GROUND WASHINGTON, *et al.*,

    Defendants.

_____

KEVIN VOLKMANN,

    Plaintiff,

    v.

ST. MARTIN DE PORRES SHELTER, *et al.*,

    Defendants.

NO. C18-1114RSL

NO. C18-1200RAJ

ORDER CONSOLIDATING CASES

This matter comes before the Court on plaintiff's "Emergency Motion for Relief from a Deadline" (Dkt. # 8), "Motion for Leave to Amend Complaint" (Dkt. # 10), and "Notice of Related Case and Motion to Consolidate Cases" (Dkt. # 11). In the first-filed case, plaintiff alleges that an organization that provides housing services in the Seattle area, Solid Ground

---

[1] Plaintiff filed his complaint in C18-1114RSL on his own behalf and on behalf of unnamed Doe residents of the apartment complex. Plaintiff is not a lawyer licensed to practice before the bar of this Court, however, and may not represent anyone but himself.

ORDER CONSOLIDATING CASES - 1

Washington, ignored his complaints of assault and battery, harassment, loitering, smoking, prostitution, and substandard living conditions and wrongfully evicted him in retaliation for reporting these conditions to the authorities.[2] In the second-filed case, plaintiff complains about criminal activity and substandard living conditions at St. Martin de Porres Shelter, where he apparently relocated after being evicted from Solid Ground Washington's facility. <u>Volkmann v. St. Martin de Porres Shelter</u>, C18-1200 (originally assigned to the Honorable Richard A. Jones). Plaintiff alleges that the staff or residents of St. Martin de Porres Shelter were induced by Solid Ground Washington to steal or destroy documents in plaintiff's possession regarding the first-filed case. C18-1200, Dkt. # 6 at 3.

Plaintiff seeks to consolidate the two cases and to file an amended complaint. Judge Jones has now transferred his case to the undersigned as related to C18-1114RSL.[3] Although plaintiff's claims against the two housing facilities will involve inquiries into two different sets of facts (such as the specific events and conditions at each facility and whether there is evidence of retaliatory animus on the part of one or both entities), plaintiff has alleged that the facilities acted in concert to some extent. In addition, the Court's subject matter jurisdiction and the legal viability of plaintiff's claims can be tested together. It appears that consolidation for all pre-trial matters will improve the efficient resolution of the cases. If it turns out that a consolidated trial would be inconvenient, inefficient, or prejudicial to one or more of the parties, the objecting

---

[2] Plaintiff also makes allegations against Mercy Housing Northwest, North Seattle College, the YMCA, and the Seattle Police Department, but none of them is identified as a defendant. The only defendants other than Solid Ground Washington and its president are the presidents of Mercy Housing Northwest and North Seattle College.

[3] In this district, related cases are handled by the judge with the lowest case number in order to promote efficiency and consistency, regardless of whether consolidation is appropriate.

ORDER CONSOLIDATING CASES - 2

party may file a timely motion to bifurcate.

For all of the foregoing reasons, plaintiff's motions to consolidate (Dkt. # 11) and for leave to file an amended complaint (Dkt. # 10) are GRANTED. The Clerk of Court is directed to close case number C18-1200RSL: **all future filings in these consolidated cases shall be in C18-1114RSL**. Plaintiff shall, on or before September 25, 2018, file an amended complaint that consolidates the allegations of C18-1114 and C18-1200, keeping in mind the following limitations and requirements:

- Plaintiff may not represent any persons or entities other than himself in this matter.
- Plaintiff must include a section in the amended complaint that establishes the Court's subject matter jurisdiction over his claims. If plaintiff is relying on the Court's diversity jurisdiction, he must specifically allege the residence of all parties. If, as appears to be the case, he is seeking to vindicate his First Amendment rights, he may proceed under 42 U.S.C. § 1983 only if the action of which he complains is appropriately characterized as "state action."
- Plaintiff must allege facts that give rise to a plausible inference that each defendant named in the amended complaint has violated his legal rights and can be held liable for that violation.

//

ORDER CONSOLIDATING CASES - 3

The Order to Show Cause (Dkt. # 6) is hereby VACATED, and plaintiff's request for an extension of time in which to respond to that order (Dkt. # 8) is DENIED as moot.

Dated this 4th day of September, 2018.

Robert S. Lasnik
United States District Judge

ORDER CONSOLIDATING CASES - 4